Filed 10/26/22  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C093709 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FE-2019-0013464) |
| v. | |
| WAYNE EDWARD WILLIAMS, | |
| Defendant and Appellant. | |

A jury found defendant Wayne Edward Williams guilty of manufacturing methamphetamine, two counts of child endangerment, arson, and assault likely to produce great bodily injury.  Defendant's sentence included the upper term on the manufacturing methamphetamine count and a requirement that he register as a drug offender.  Following the passage of recent legislation, defendant contends he is entitled to

1

resentencing on the upper term and the narcotics offender registration requirement must be stricken. The People agree. We will strike the narcotics offender registration requirement, vacate defendant's sentence, and remand for resentencing.

**BACKGROUND**

Defendant and tenant D.M. lived together in late 2019. D.M. decided to move herself and her two young children out of defendant's home and began to pack their possessions. As D.M. packed her truck, she watched as defendant attempted to close the garage door and leave her outside the home. D.M. blocked the garage door from closing. Enraged by D.M. blocking the garage door, defendant tackled D.M. and punched her in the face at least three times. D.M. hit defendant in the face, broke free of his grasp, and went inside to retrieve her two-year-old son. When D.M. returned to the garage, she saw her truck on fire and defendant holding a gas can.

The police responded to defendant's home, searched it, and found components necessary to manufacture methamphetamine. Law enforcement officers arrested defendant the same day. The People's second amended complaint identified that defendant's present offense was a potential violation of probation.

At the preliminary examination, Officer Joel Grubb testified that defendant was on probation at the time law enforcement investigated him in late 2019.

During the 2021 trial, defendant admitted to five felony convictions, including three convictions from 1996, one of which was for manufacturing a controlled substance. Defendant did not introduce any evidence challenging his probation status. At the close of evidence, the trial court found defendant's present offense violated probation.

The jury subsequently found defendant guilty of manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a)), two counts of child endangerment (Pen.

2

Code, § 273a, subd. (a)),[1] arson (§ 451, subd. (d)), and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)).

Defendant's probation report identified a violation of probation petition filed in 2018 alleging defendant had violated the law by refusing to attend rehabilitative probation programming, and noted defendant was currently on a five-year term of probation for a 2016 offense. The probation report also revealed defendant had 11 prior felony convictions.

The trial court sentenced defendant to an aggregate term of 11 years 4 months in prison, consisting of: seven years for manufacturing a controlled substance (Health & Saf. Code, § 11379.6, subd. (a)), two consecutive terms of one-third the midterm totaling two years eight months for the two child endangerment convictions (§ 273a, subd. (a)), a consecutive eight-month term (one-third the midterm) for arson (§ 451, subd. (d)), and one year (one-third the midterm) for assault by means of force likely to cause great bodily injury (§ 245). The trial court ordered defendant to register as a drug offender pursuant to former Health and Safety Code section 11590.

In selecting the upper term on the manufacturing methamphetamine count, the trial court relied on five aggravating factors: (1) "[t]he most significant thing is the defendant has approximately 11 prior felonies"; (2) "[t]his [incident] involves three particularly vulnerable victims. The two children, a seven-year-old and two-year-old, are extremely vulnerable. Their mother was vulnerable"; (3) defendant was on probation at the time of this offense; (4) the crime involved a "very high risk of harm"; and (5) he had a prior conviction for manufacturing a controlled substance. The court did not identify any factors in mitigation.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

Due to recent legislative enactments, defendant contends he is entitled to: (1) resentencing on the upper term for manufacturing methamphetamine; and (2) striking his narcotics offender registration requirement. The People agree defendant is entitled to both retroactive application of recent resentencing legislation and striking of the narcotics offender registration requirement.

### Senate Bill No. 567

Defendant contends Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) applies retroactively, and he is entitled to resentencing under the new sentencing guidelines because the aggravating factors found by the trial court were neither found true beyond a reasonable doubt, nor were they stipulated to by defendant.

At the time of sentencing, former section 1170 authorized a sentencing triad, leaving the selection of the appropriate term to "the sound discretion of the court." (Former § 1170, subd. (b); Stats. 2018, ch. 1001, § 1.) As relevant here, Senate Bill 567 amended sections 1170 and 1170.1 to limit the trial court's discretion to impose a sentence greater than the midterm. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.) To impose a sentence beyond the midterm, the aggravating factors must justify doing so, and the facts underlying the circumstances must have been stipulated to by defendant or found true beyond a reasonable doubt, except that the trial court may rely on certified records of conviction to find a prior conviction proven. (§ 1170, subd. (b)(1)-(3), as amended by Stats. 2021, ch. 731, § 1.3.) The amended section 1170, effective January 1, 2022, applies retroactively as an ameliorative change in the law applicable to all nonfinal convictions. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109 (*Zabelle*).)

We review the trial court's sentencing error under the standards addressed in *Chapman v. California* (1967) 386 U.S. 18 and *People v. Watson* (1967) 46 Cal.2d 818. (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1113.) We must apply a two-step analysis—first

4

*Chapman*, then *Watson*—to determine whether the trial court's error was harmless. (*Ibid*.)

We first determine whether a jury would have found true beyond a reasonable doubt at least one of the aggravating factors the trial court relied on in imposing the aggravated sentence. (*Zabelle, supra*, 80 Cal.App.5th at p. 1113.) We then proceed to *Watson* review which asks whether the reviewing court can be certain that the trial court would have exercised its discretion to impose the upper term if it understood it could permissibly rely on a single aggravating factor, a few of the aggravating factors, or none of the aggravating factors, instead of the factors upon which it relied. (*Ibid.*)

In applying *Chapman*, we review defendant's right to a jury trial on the prior manufacturing conviction aggravating circumstance relied upon by the trial court. Amended section 1170 allows a trial court to rely on an aggravating factor defendant stipulated to in imposing the upper term. (§ 1170, subd. (b)(2).) Defendant admitted during direct examination that he had five prior felony convictions, including three from 1996. Defendant only had three convictions from 1996, and one of those was for manufacturing a controlled substance. Thus, in effect, and although the specific nature of the 1996 manufacturing conviction was excluded from evidence, defendant stipulated to his 1996 conviction for manufacturing a controlled substance. Thus, any Sixth Amendment error was harmless because a jury unquestionably would have found this aggravating factor true. (*People v. Sandoval* (2007) 41 Cal.4th 825, 839.)

Having found a single factor true under *Chapman*, we turn to *Watson* as to the remaining four aggravating factors, to determine whether: 1) it is reasonably probable a jury would have found the remaining factors not true; and 2) it is reasonably probable the court would have imposed the aggravated term considering only defendant's prior manufacturing conviction. We accept the People's concession that it is reasonably probable a jury would have found the remaining factors not true. Thus, we are left with a single aggravating factor, the prior conviction for manufacturing methamphetamine, and

5

we cannot conclude with any certainty that the trial court would have imposed the upper term based solely on that aggravating circumstance. In selecting the upper term, the trial court did not give any emphasis to the prior manufacturing conviction. Instead, the trial court's colloquy gave particular weight to defendant's 11 prior felonies and the vulnerability of D.M. and her two children. Despite the trial court identifying no mitigating factors, we cannot tell from our review whether the trial court would have imposed the upper term had it known it could not rely on four of the five aggravating factors it applied. In this instance, the proper remedy is to remand for resentencing. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

*Assembly Bill No. 1261*

Defendant contends the trial court erroneously ordered him to register as a narcotics offender under former Health and Safety Code section 11590.

On October 8, 2019, the Governor signed Assembly Bill No. 1261 (2019-2020 Reg. Sess.) into law, repealing former Health and Safety Code section 11590 as of January 1, 2020. (Stats. 2019, ch. 580, §§ 1, 2; Health & Saf. Code, § 11594.) At the time the trial court ordered defendant to register under this provision, this provision had been repealed and the narcotics offender registration requirement was a nullity. (See *People v. Pinedo* (2021) 66 Cal.App.5th 608, 620.)[2] We shall strike this registration requirement.

---

[2] Defendant also claims he received ineffective assistance of counsel based on counsel's failure to raise mitigating factors during sentencing. We need not reach this argument because the matter will be remanded for a full resentencing.

## DISPOSITION

We strike defendant's narcotics offender registration requirement and vacate defendant's sentence.  We remand for a full resentencing (*People v. Buycks* (2018) 5 Cal.5th 857, 893) and otherwise affirm the judgment.


 /s/
HOCH, J.


We concur:


 /s/
DUARTE, Acting P. J.


 /s/
RENNER, J.